IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      v.

                                Case No.:  05-cr-49-wmc

JON S. HOLT,

            Defendant.

---

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO REDUCE THE
TERM OF SUPERVISED RELEASE

---

In 2005, Jon Holt was sentenced to 327 months in prison after a jury found him guilty of violating Title 21, United States Code, Section 841.  This term of imprisonment was to be followed by three years of supervised release. Holt was granted release on elderly home confinement on June 14, 2023. He began his three-year term of supervised release on December 22, 2024.  Holt now asks for early termination of his term of supervised release.

## I.    Background

In 2005, a grand jury returned a two-count indictment charging the defendant in Count 1 with conspiracy to manufacture methamphetamine, and in Count 2 with 18 U.S.C. § 851 providing notice that the defendant faced enhanced penalties based on a prior felony drug conviction in 1999. (R. 88). The defendant went to trial, and a jury found him guilty of the conspiracy to manufacture methamphetamine, and not guilty of witness intimidation. (R. 98). At the sentencing hearing, the Court found that the defendant was a career offender based on his prior convictions for a felony drug offense and crime of violence. (R. 127).  His advisory guidelines range was 262-327 months' imprisonment and Judge Crabb chose a sentence of 327 months.

Holt was granted release on elderly home confinement on June 14, 2023. He began his three-year term of supervised release on December 22, 2024.

## II.   Legal standard

Under 18 U.S.C. § 3582(e)(2), a court may modify, reduce, or enlarge the conditions of supervised release at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.  Accordingly, his request must be evaluated under the standards set forth in 18 U.S.C. § 3553(a).

## III.   Analysis

The defendant should be commended for the progress he has made while on supervised release.  The biggest concern, however, is his lengthy criminal history and the fact that the defendant has a history of committing offenses while on bond and supervised release.  Moreover, as acknowledged by the defendant, he has not completed even half his term of supervised release.  Finally, the probation office, who is most aware of the defendant's conduct on supervised release, opposes termination at this time.

Holt was 46 years old at the time he was sentenced. At that point, he had amassed convictions for burglary, several for receiving stolen property, disorderly conduct, and possession of marijuana, a conviction for selling methamphetamine, a felony conviction for fleeing a peace officer, and numerous traffic infractions. (R. 119, ¶¶ 99-127). He was on state probation at the time he was involved in the conspiracy in this case. (Id., ¶ 113).  He also had numerous bond and probation violations.  (Id.,  ¶¶

2

105-106, 110-111, 116, 122-123).  As the Court noted, Holt had been involved in obtaining and selling methamphetamine for more than ten years. (Statement of Reasons).

At his sentencing hearing, the Court agreed with the government's description that the defendant was a menace to northern Wisconsin and Minnesota in selling and distributing methamphetamine over a long period of time. (R. 127, p. 24). The Court found the sordid picture of the defendant's relationship with his ex-partner, N.M. and the children that were the victims of the defendant and N.M.'s negligence "really horrifying." (Id.). Relatedly, N.M. testified in 2004 that she and the defendant began a romantic relationship ten years earlier, when she was fourteen years old. (R. 119, ¶ 23).

Holt would have been 35 years old at that point, and N.M. testified at the grand jury that Holt introduced her to methamphetamine, that she used it for ten years, and that Holt was her primary source of supply. (PSR ¶ 24). In determining that the maximum guideline sentence was the "only legitimate" one to give, the Court observed that the defendant was primarily concerned about making money and had done nothing to contribute to society but instead preyed upon it. (R. 127, pp. 24-25).

Finally, the Court concluded that the defendant represented an extreme danger to the community, and considering his long criminal history, was persuaded that the defendant was likely to commit other offenses. Holt's career offender guidelines range was 262 – 327 months in prison, and the Court chose the maximum guideline sentence of 327 months. The Court had the option to choose a sentence of 262 months, that but determined that anything less than the top of the guideline range was not enough.

While Holt has performed well during the time he has been on release, his

lengthy criminal history and numerous violations of release conditions far outweigh his conduct during the short time he's been out of custody this time.  Based on the history and characteristics of the defendant and the nature of the current offense, the government believes early discharge from supervision is unwarranted at this time.  If he continues to remain violation-free, it's possible the government will support early release in the future.

### IV.    Conclusion

For all the reasons above, and especially since the Probation office does not join Holt's request, the government opposes early termination of his supervised release.

Dated:  May 4, 2026.

Respectfully submitted,

CHADWICK M. ELGERSMA
United States Attorney

By:            /s/
ELIZABETH ALTMAN
Assistant United States Attorney